UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

OMAR LOUREIRO,

    Petitioner,

v.                                          Case No. 3:23cv24677-MCR-HTC

RICKY D. DIXON,

    Respondent.
_____/

REPORT AND RECOMMENDATION

    Petitioner Omar Loureiro files this habeas petition pursuant to 28 U.S.C. § 2241, challenging a disciplinary report that resulted in the loss of more than 300 days of gain time credit. Docs. 2, 10 (amended petition). Respondent Ricky D. Dixon, Secretary of the Florida Department of Corrections, (the "Secretary") filed a Motion to Dismiss (with exhibits), Doc. 16, to which Loureiro responded on June 10, 2024, Doc. 18. Having fully considered the law and the parties' written submissions, and for the reasons discussed below, the Motion to Dismiss should be GRANTED.

I.     BACKGROUND

    On December 13, 2021, Loureiro, then a prisoner at Columbia Correctional Institution Annex received a disciplinary report ("DR") for battery or attempted battery on a correctional officer. Doc. 16-1 at 19 (DR # 251-211602). According to the reporting officer, during an escort Louriero "gathered copious amounts of saliva

in his mouth, manipulated the spit shield and … forcefully ejected the saliva from his mouth" in the officer's direction, striking him on the left side of his face and right forearm. *Id.* After an investigation and hearing, Loureiro was found guilty of the battery charge on January 25, 2022, and lost 364 days of earned gain time. *Id.* at 22.

On January 28, 2022, Loureiro (who had been transferred to Santa Rosa Annex) filed a formal grievance to the Warden at Santa Rosa appealing the DR conviction. February 10, 2022, the Warden denied Loureiro's grievance. *Id.* at 29-31.

On February 15, 2022, Loureiro filed a formal appeal to the Office of the Secretary. *Id.* at 33. On February 16, 2022, the Secretary acknowledged receiving Loureiro's grievance and assigned the grievance Log # 22-6-06061. *Id.* at 38. On March 9, 2022, the Office of the Secretary mailed Loureiro a response, notifying him that his appeal was "returned without action" pursuant to Florida Administrative Code ("FAC") Chapter 33-103.014(1)(g) because Loureiro failed to attach the appropriate grievance log and response to the appeal. *Id.* at 67. Loureiro was given fifteen (15) days from the date the response was mailed – or until March 24, 2022 -- to re-file his appeal and correct that deficiency. *Id.* Although Loureiro claims he did not receive the Secretary's response until March 22, 2022, Doc. 2 at 50, he was, nonetheless, able to re-submit his appeal to the Secretary by the March 24 deadline. *Id.* at 68-69. The Secretary denied the appeal on April 1, 2022. *Id.* at 70.

Case No. 3:23cv24677-MCR-HTC

On March 20, 2022, before Loureiro claims to have received the Secretary's response, Loureiro filed a petition for writ of mandamus with the Circuit Court of the Second Judicial Circuit in Leon County, Florida, asking the court to direct the Secretary "to overturn[] the DR conviction and restore all loss of gain time as a result of the DR issued." *Id.* at 5-16 (Case No.: 2022-CA-483). Loureiro argued he had exhausted remedies within the Florida Department of Corrections ("FDOC") because the time had passed for the Secretary to respond.

On June 21, 2022, the Secretary responded to the state court petition, arguing that it should be dismissed because Louriero had not exhausted the FDOC's administrative remedies as set forth in FAC Rule 33-103 when he filed the petition and was now time-barred from doing so. Doc. 16-1 at 45. In response to the Secretary's motion to dismiss, Louriero argued the Secretary's initial deficiency response was untimely because even though it was stamped as having been mailed on March 9, 2022, he did not receive it until March 22, 2022. *Id.* at 71. Thus, Loureiro argued, he exhausted his administrative remedies by filing the petition *after* the 30-day deadline for the Secretary to respond had expired.[1] Alternatively, Louriero asked the court to direct the Secretary to vacate its April 1, 2022, denial and reissue it so that the 30-day period for him to petition the court could restart. *Id.* at 76.

---

[1] Under Florida Administrative Code ("FAC") Chapter 33-103.011, the Secretary had 30 days – or until March 18, 2022 -- to respond.

Case No. 3:23cv24677-MCR-HTC

The circuit court did not agree with either of Loureiro's arguments. On November 9, 2022, the circuit court dismissed the petition, finding that Loureiro had failed to exhaust the FDOC's administrative procedures *before* filing the petition. *Id.* at 91-97. In its dismissal order, the court detailed the exhaustion requirements set forth in the FAC Rule 33-103, including, specifically, the 2-step procedure for challenging DRs consisting of filing a formal grievance at the institutional level, Fla. Admin. R. 33-103.006, and filing an appeal with the Office of the Secretary, Fla. Admin. R. 33-103.007. *Id.* at 94.

Loureiro appealed, *id.* at 101, and the First District Court of Appeals ("First DCA") affirmed *per curiam* on September 1, 2023. *Id.* at 136; *see also*, First DCA Case No. 1D22-3803. In its order, the First DCA cited *Beebe v. Dep't of Corrs.*, 304 So. 3d 811 (Fla. 1st DCA 2020) and *Jackson v. Parkhouse*, 826 So. 2d 478, 479 (Fla. 1st DCA 2002) for the proposition that a petition should be dismissed "for failure to plead and prove exhaustion of administrative remedies prior to filing." Doc. 16-1 at 136.

Loureiro filed the instant federal petition on November 1, 2023. Doc. 2 at 1. He filed an amended petition on January 3, 2024, raising the following two grounds for relief: (1) the state courts erred in dismissing his mandamus petition for lack of exhaustion; and (2) the state courts erred in dismissing his mandamus petition without an evidentiary hearing on the issue of when he received the Secretary's March 9, 2022, response. Doc. 10 at 6.

Case No. 3:23cv24677-MCR-HTC

## II.   ANALYSIS

The Secretary has moved to dismiss the petition for failure to exhaust and as procedurally defaulted. Doc. 16. Before filing a federal habeas corpus petition, a state prisoner must first exhaust all available state court remedies. 28 U.S.C. § 2254(b)(1); *see Duncan v. Henry,* 513 U.S. 364, 364–65 (1995). To satisfy the exhaustion requirement, the petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). An issue that was not presented to the state court and which can no longer be litigated under state procedural rules is considered to be procedurally defaulted. *Id.* at 839–40, 848; *Bailey v. Nagle*, 172 F.3d 1299, 1302–03 (11th Cir.1999).

A procedural default may occur where the state court correctly applies a procedural principle of state law and concludes that the petitioner's claims are barred. *Bailey,* 172 F.3d at 1302–03. A federal court is not required to honor a state's procedural default ruling, however, unless that ruling rests on adequate state grounds that are independent of a federal question. *See Harris v. Reed,* 489 U.S. 255, 262 (1989). To determine whether a state's procedural ruling constitutes an adequate and independent state rule of decision, the Court considers three factors:

> First, the last state court rendering a judgment in the case must clearly and expressly state that it is relying on state procedural rules to resolve the federal claim without reaching the merits of that claim. Secondly,

the state court's decision must rest solidly on state law grounds, and may not be intertwined with an interpretation of federal law. Finally, the state procedural rule must be adequate; *i.e.*, it must not be applied in an arbitrary or unprecedented fashion.

*Judd v. Haley*, 250 F.3d 1308, 1313 (11th Cir. 2001).

In other words, the rule must be "firmly established and regularly followed." *Ford v. Georgia,* 498 U.S. 411, 423–25 (1991). A state procedural rule is not "firmly established" where the rule is novel or newly announced. *Id.* at 423–24. In addition, to be considered adequate, the procedural rule cannot be manifestly unfair in its treatment of the petitioner's constitutional claim. *Judd*, 250 F.3d at 1313.

As stated above, the First DCA denied Loureiro relief because Loureiro failed to plead and prove that he had exhausted administrative remedies prior to filing the state petition. Doc. 16 at 136 (citing *Jackson v. Parkhouse*, 826 So. 2d 478, 479 (Fla. 1st DCA 2002)). That procedural bar meets all the requirements of an adequate and independent state rule of decision.

First, the First DCA relied upon a state procedural rule – exhaustion of administrative remedies. Second, the First DCA's denial rested exclusively on the procedural rule; neither the First DCA nor the circuit court reached the merits. Third, the exhaustion requirement is "firmly established and regularly followed" by Florida courts. *See, e.g.*, *Beebe*, 304 So. 3d at 811; *Jackson*, 826 So. 2d at 479; *Park v. Dugger*, 548 So.2d 1167, 1168 (Fla. 1st DCA 1989); *Millard v. State*, 503 So.2d 939, 941 (Fla. 1st DCA 1987); *Sawyer v. Wainwright*, 422 So.2d 1027, 1028 (Fla.

1st DCA 1982); *Morris v. Wainwright*, 409 So.2d 1161, 1162 (Fla. 1st DCA 1982); *Jones v. Wainwright*, 298 So.2d 542, 542–43 (Fla. 2d DCA 1974); *see also* 41 Fl. Jur.2d Prisons and Prisoners § 213 ("Judicial Relief; Necessity of Exhausting Administrative Remedies").

Third, requiring Loureiro to exhaust his administrative remedies was not manifestly unfair. Even assuming Loureiro did not receive the Secretary's initial response until March 22, 2022, he was able to comply with the Secretary's 15-day deadline to resubmit the appeal. He, thus, knew, by that date, that the Secretary still had time to review the matter on the merits. Loureiro could have dismissed the State court Petition and refiled the Petition once the Secretary denied the appeal on the merits. Loureiro chose, however, to continue with the Petition and the subsequent appeal in the hopes that the courts would agree with his argument that the Secretary's initial deficiency response was untimely, which they did not.[2]

In fact, Loureiro makes the same untimeliness argument here. However, "[a] state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved." *See*

---

[2] As the Secretary points out in his motion to dismiss, the date Loureiro received the Secretary's initial deficiency response is not dispositive. Instead, the court looks to the date when the Secretary filed the response with the clerk of the Department, which in Loureiro's case was March 9, 2022. Doc. 16-1 at 79; *see Whitfield v. Dept. of Corr.*, 107 So. 3d 1210, 1211, n. 2 (Fla. 1st DCA 2013) (holding that the date the Secretary's response was filed with the clerk of the Department, rather than the date the Secretary's response was dated determines when the order was rendered for purposes of judicial review); *see also* Fla. Admin. R. 33-103.007(9)(a) ("The time period for appeal begins to run on the date that the response is stamped and mailed").

Case No. 3:23cv24677-MCR-HTC

*Carrizales v. Wainwright*, 699 F.2d 1053, 1054-55 (11th Cir. 1983) ("Questions of pure state law do not raise issues of constitutional dimension for federal habeas corpus purposes."). Thus, this Court cannot second-guess the state court's interpretation of the FDOC's exhaustion regulations.

Finally, the undersigned agrees with the Secretary that Loureiro cannot return to state court to exhaust state court remedies because his time for appealing the Secretary's April 2022 denial of his grievance has expired. Actions challenging prison disciplinary proceedings must be initiated within 30 days of when the order becomes final. *See* Fla. Stat. Ann. § 95.11(8). "This time period is jurisdictional and, thus, a mandamus petition filed more than 30 days after the final disposition of a disciplinary proceeding *must* be dismissed." *D'Amico v. Clemmons*, 298 So. 3d 114, 115 (Fla. 1st DCA 2020) (quoting *Whitfield v. Dep't of Corrections*, 107 So. 3d 1210, 1212 (Fla. 1st DCA 2013) and citing *Higueras v. Crosby*, 924 So. 2d 18, 19 (Fla. 1st DCA 2005) ("Because the petition was not filed within 30 days of rendition of the order sought to be reviewed, this court's jurisdiction was not timely invoked and the petition must be ... dismissed on jurisdictional grounds")). Loureiro's claims are, thus, procedurally defaulted.[3]

### III.   CONCLUSION

---

[3] Loureiro does not make any argument regarding "cause and prejudice" or a fundamental miscarriage of justice. Therefore, he offers no reason to excuse his procedural default. *See Murray v. Carrier*, 477 U.S. 478, 496 (1986).

Case No. 3:23cv24677-MCR-HTC

Loureiro is not entitled to federal review of his claims, and the Amended Petition is due to be dismissed. The undersigned also finds that an evidentiary hearing is not warranted. In deciding whether to grant an evidentiary hearing, this Court must consider "whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007). Here, because Loureiro's petition is time-barred, an evidentiary hearing is not warranted.

A certificate of appealability should also be denied.[4] Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." 28 U.S.C. § 2254 Rule 11(a). A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. 28 U.S.C. § 2254 Rule 11(b).

After review of the record, the Court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is

---

[4] "Based on the statutory language of 28 U.S.C. § 2253(c)(1), state prisoners proceeding under § 2241 must obtain a COA to appeal." *Sawyer v. Holder*, 326 F.3d 1363, 1364 (11th Cir. 2003).

Case No. 3:23cv24677-MCR-HTC

also recommended that the district court deny a certificate of appealability in its final order.

Accordingly, it is respectfully RECOMMENDED:

1. That the petition be DISMISSED for failure to exhaust and as procedurally barred.

2. That a certificate of appealability be DENIED.

3. That the clerk be directed to close the file.

At Pensacola, Florida, this 10th day of July, 2024.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of its objections upon all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.